UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQ THE ENVIRONMENTAL QUALITY CO.,

      Plaintiff,

                                    Case No. 12-cv-14454
                                    Honorable Gershwin A. Drain

v.


ATLANTIC HUMAN RESOURCES,

      Defendant.

_____/

## ORDER GRANTING  DEFENDANT'S MOTION FOR ATTORNEY FEES [#13]


### I. INTRODUCTION

On October 8, 2012, Plaintiff initiated this diversity of citizenship action pursuant to 28 U.S.C. § 1332, against Defendant, Atlantic Human Resources, Inc., alleging: breach of contract (Count I), Account Stated (Count II), Promissory Estoppel (Count III), Unjust Enrichment (Count IV), and Fraud Based on Bad-Faith Purpose (Count V).  The gist of Plaintiff's allegations concern unpaid invoices by Atlantic Human Resources, Inc., in violation of the parties' contract. Defendant was served with notice on October 24, 2012, and its answer was due on November 14, 2012. Defendant never answered the complaint and on November 11, 2013, an entry of default was filed by the Clerk of the Court. Subsequently, on November 28, 2012, a Clerk's Entry of Judgment by Default was entered in the amount of $142,013.30, pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure.

Presently before the Court is Plaintiff's Motion for Award of Attorney's Fees and Non-Taxable Expenses, pursuant to E.D. Mich.  L.R. 54.1.2 and Fed. R. Civ. P. 54(d)(2), filed on December 19, 2012.   Defendant has failed to file a brief in opposition, despite the November 28, 2012, Clerk's Entry of Judgment by Default, the filing of this Motion, and the December 26, 2012, Notice of Hearing for the Motion for Attorney's Fees.  A hearing on the Motion for Attorney's fees for EQ The Environmental Quality Co.  was held on February 13, 2013. For the reasons that follow, the Court grants EQ The Environmental Quality Co.'s motion for attorney's fees.

## II. LAW & ANALYSIS

Plaintiff maintains that he is entitled to reasonable attorney's fees and non-taxable expenses pursuant to E.D. Mich.  L.R. 54.1.2 and FED. R. CIV. P. 54(d)(2). Federal Rule of Civil Procedure 54(d)(2) states:

> (d) Costs; Attorney's Fees.
>> (A)  Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>> (B)  Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:
>>> (i)  be filed no later than 14 days after the entry of judgment;
>>> (ii)  specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>>> (iii) state the amount sought or provide a fair estimate of it; and
>>> (iv)  disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Plaintiff seeks reimbursement of attorney's fees at the following rates: Attorney Roger P. Meyer's rate is $ 270 per hour and paralegal Karen Gooze's rate is $215 per hour. *See* Motion for

Attorney's Fees, Exhibit 4, pg. 4. Plaintiff states the following tasks and hours:

> (a) Tasks Related to Preparing and Filing the Complaint: 11 hours,
> with fees and costs at $2995.00;
>
> (b) Tasks Related to Obtaining Default and Default Judgment: 4.4
> hours with fees and costs at $1188.00;
>
> (c) Tasks Related to Post-Judgment Discovery and Enforcement: 1.1 hours,
> with fees and costs at $297.00.

Under the general American rule, unless Congress provides otherwise, parties to a litigation are to bear their own attorney's fees. *Fogerty v. Fantasy, Inc*., 510 U.S. 517, 533 (1994). The prevailing party must point to a specific statute or other authority allowing for an award of attorney's fees. *Mencer v. Princeton Square Apartments*, 228 F.3d 631, 636 (6th Cir. 2000). Generally, in Michigan, attorney's fees are not recoverable as costs or damages unless expressly allowed by statute, court rule, contract, or a common-law exception provides differently. *Smith v. Khouri*, 481 Mich. 519, 526 (2008). The decision to grant attorney's fees is within the sound discretion of the district court. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Here, a provision in the parties' Hazardous Waste Transportation, Treatment and/or Disposal Contract, Exhibit 1, ¶ 4.(b), allows for the payment of attorney's fees in the matter of unpaid invoices:

> A finance charge of one and one-half percent (1 1/2%) per month of
> the outstanding balance will be assessed for Delivered Waste which
> have not been paid for during the agreed payment period. In addition,
> the Customer shall be responsible for all collection agency and legal
> fees incurred by [Plaintiff] in collecting payment of any invoice.

Moreover, Plaintiff's Complaint lists four outstanding invoices totaling $125,350.38, where

Defendant received services and was invoiced for the services; yet, payment was never received. *See* Complaint, ¶¶ 17-22. The case at bar was filed by Plaintiff in an attempt to recoup monies owed because of Defendant's failure to pay the aforementioned invoices. Therefore, per the parties' signed contract, the Court finds that attorney's fees are appropriate.

The Court must now determine if the attorney's fees requested are reasonable. *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995). This court must use the "lodestar" method to determine the appropriate amount of attorney fees. *See Barnes v. City of Cincinnati*, 401 F. 3d 729, 745 (6th Cir. 2005). "The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349(6th Cir. 2000).

 "The party seeking an award of attorney fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Fees that are not reasonably expended, such as fees incurred as a result of duplication of efforts are to be excluded. *Id.*

In assessing the "reasonable hourly rate" component of the lodestar method, the district court should assess the "prevailing market rate in the relevant community.*" Blum v. Stenson*, 465 U.S. 886, 895 (1984). The prevailing market rate is "that which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record . . . ." *Addock-Ladd*, 227 F. 3d at 350.

Plaintiff has presented evidence that the rate it seeks and the amount of time spent preparing

the litigation are comparable to fees charged by attorneys with comparable skill, reputation, and experience in the community.

Therefore, for the reasons stated above, the Court finds that an award of attorney fees in the amount of $4,480.00, under FED. R. OF CIV. P. 54(d)(2) is appropriate under the circumstances.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Defendant's Motion for Attorney Fees [#13] is GRANTED. Defendant shall issue a check made payable to EQ the Environmental Quality Co. in the amount of $4,480.00

IT IS FURTHER ORDERED that any additional submissions for fees and cost be submitted to the Court under affidavit.

Dated: March 4, 2013                                    /s/Gershwin A Drain
                                                        GERSHWIN A. DRAIN
                                                        United States District Judge